Mary BROWN, et al.,
Plaintiffs-Appellants,

v.

HOUSING AUTHORITY OF the CITY OF McRAE, GEORGIA, et al.,
Defendants-Appellees.

No. 85–8186.

United States Court of Appeals,
Eleventh Circuit.

June 24, 1987.

Howard Sokol, Macon, Ga., M. Ayers Gardner, Atlanta, Ga., for plaintiffs-appellants.

R. William Buzell, II, Macon, Ga., Lawrence B. Lee, Savannah, Ga., Edwin B. Brading, Dept. of Housing & Urban Dev., Atlanta, Ga., for defendants-appellees.

\* Senior U.S. Circuit Judge Elbert P. Tuttle has elected to participate in further proceedings in this matter pursuant to 28 U.S.C. § 46(c).

Before RONEY, Chief Judge, GODBOLD, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HATCHETT, CLARK and EDMONDSON, Circuit Judges, and TUTTLE\*, Senior Circuit Judge.\*\*

PER CURIAM:

Plaintiffs, tenants of public housing projects owned and operated by the Housing Authority of the City of McRae, Georgia, appealed from an order of the district court dismissing a complaint that alleged a cause of action against the Housing Authority, its Executive Director and Board of Commissioners, and the Secretary of Housing and Urban Development for alleged inaccuracies in the computation of plaintiffs' utility allowances. The district court held there was no private cause of action created under the Brooke Amendment to the United States Housing Act of 1937, 42 U.S.C.A. § 1437a, or 42 U.S.C.A. § 1983.

A panel of this Court affirmed, relying on the Fourth Circuit case of *Wright v. City of Roanoke Redevelopment & Housing Authority*, 771 F.2d 833 (4th Cir.1985). *Brown v. Housing Authority of the City of McRae, Georgia*, 784 F.2d 1533 (11th Cir.1986).

This Court granted a rehearing en banc, *Brown v. Housing Authority of the City of McRae, Georgia*, 804 F.2d 612 (11th Cir. 1986) (en banc), but then withheld consideration of the case because the United States Supreme Court had granted certiorari in *Wright v. City of Roanoke Redevelopment & Housing Authority*, —— U.S. ——, 106 S.Ct. 848, 88 L.Ed.2d 889 (1986).

On January 14, 1987, the United States Supreme Court reversed the Fourth Circuit decision. *Wright v. City of Roanoke Redevelopment & Housing Authority*, —— U.S. ——, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987). Therefore, the district court judgment in this case must be reversed.

\*\* Judge Anderson recused himself and did not participate in this opinion.

The parties have filed a motion asking this Court "to adopt and sign the consent order to which the parties have agreed and to remand this case to the United States District Court for the Southern District of Georgia for the implementation of the terms of said consent order." Under the circumstances, it is appropriate for the district court to consider the proposed consent order in the first instance.

Accordingly, the judgment of the district court is reversed and the case is remanded for reconsideration in light of the United States Supreme Court's decision in *Wright*, and for consideration of such proposed consent orders as the parties may present.

REVERSED AND REMANDED.